UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHENEITHA WEBB, II | * | CIVIL ACTION |
| VERSUS | * | NO. 26-1938 |
| SHENEITHA WEBB LORI MARY ANN SUSAN ZITTO | * | SECTION "N" (2) |

**SHOW CAUSE ORDER AND REASONS**

Plaintiff Sheneitha Webb, II filed a Complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1-2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

## I. BACKGROUND

Plaintiff filed this Complaint against one named defendant ("Sheneitha Webb Lori Mary Ann Susan Zitto," also identified as "Lori Nunez Susan Zitto") alleging $300 million in controversy. ECF No. 1 ¶¶ I(B), II(B)(3). Plaintiff invokes both diversity and federal question jurisdiction ("Teenage Wastelands, malpra[c]tice, 4th, 5th, 6th amendment"). *Id.* ¶ II(A), (B). Plaintiff asserts that the basis for her claim is defendant's alleged "unlawful behavior toward me and my children throughout the duration of our lives." *Id.* ¶ III.

## II. APPLICABLE LAW

### A. Standard to Proceed *in forma pauperis*

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay

[1] 28 U.S.C. § 1915(a)(1).

any part of the statutory filing fees."[2] Courts assess a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of the plaintiff's income sources (including social security or unemployment payments[4]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[5] While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for herself and/or her dependents.[6] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[7]

### B. Statutorily Mandated Review

The Court is required by 28 U.S.C. § 1915(e)(2) to review complaints filed *in forma pauperis* because there exists no absolute right to proceed *in forma pauperis* in federal civil matters.[8] Rather, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[9] And while *pro se* complaints are held to "less stringent standards" than attorney-drafted filings,[10] *pro se* status does not constitute an

---

[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *Id.*
[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 783-85 (10th Cir. 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnston*, No. 12-738, 2013 WL 550654, at *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[7] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).
[8] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[9] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).
[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"impenetrable shield" as even *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[11]

Under § 1915(e)(2)(B), a court must summarily dismiss *in forma pauperis* complaints if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[12] Dismissal for failure to state a claim under either § 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the sufficiency of the 'factual allegations' in the complaint."[13] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[14]

A claim is frivolous when it lacks an arguable basis in law or in fact.[15] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16] A court may not dismiss a claim simply because the facts are "unlikely."[17] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[18]

[11] *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[12] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint . . . [if] the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune."); *Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted*, 2011 WL 740909 (Feb. 22, 2011).
[13] *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (emphasis in original) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)).
[14] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam).
[15] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[16] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v.* Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[17] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992).
[18] *Id.* (quoting *Denton v. Hernandez*, 976 F.2d 268, 270 (5th Cir. 1992) ).

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[19] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s],"[20] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief. The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[21] Even the complaints of *pro se* litigants must plead factual allegations that raise the right to relief above the speculative level that convince the court that plaintiff has a colorable claim.[22]

### D. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[23] "[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."[24] Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties.[25] The court must presume that the lawsuit lies outside its limited jurisdiction, and the party

---

[19] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555–57).
[21] *Twombly*, 550 U.S. at 555.
[22] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[23] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation modified).
[24] *Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[25] *See* 28 U.S.C. §§ 1331–1332.

invoking federal subject matter jurisdiction bears the burden of establishing it.[26] Indeed, the Court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party.[27]

The absence of a valid cause of action does not implicate subject matter jurisdiction unless the claim is either immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial, implausible, foreclosed by prior Supreme Court decision, frivolous, or otherwise completely devoid of merit as not to involve a federal controversy.[28] If the court determines at any time that it lacks subject matter jurisdiction or the plaintiff fails to establish jurisdiction, the court must dismiss the action.[29] The dismissal of an action for lack of subject matter jurisdiction is without prejudice and does not preclude a plaintiff from pursuing relief in state court or another proper jurisdiction.[30]

**1. Federal Question**

Congress authorized federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."[31] This "[f]ederal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[32] This "'creation' test . . . accounts for the vast bulk of suits

---

[26] *Mourning v. U.S. Dep't of State-Visa Off.*, 32 F. App'x 130, 2002 WL 335245, at *1 (5th Cir. Feb. 21, 2002).
[27] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).
[28] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021).
[29] FED. R. CIV. P. 12(h)(3); *Hicks v. TXU Energy*, No. 24-463, 2024 WL 1481058, at *2 (N.D. Tex. Mar. 4, 2024), *R.&R. adopted*, 2024 WL 3378726 (July 11, 2024).
[30] *Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018) (citation modified) ("A dismissal for want of jurisdiction bars access to federal courts and is res judicata only as to the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims.").
[31] 28 U.S.C. § 1331.
[32] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *accord. In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation modified) ("A federal question exists if there appears on the fact of the complaint some substantial, disputed question of federal law.").

that arise under federal law."[33]

**2. Diversity**

"Diversity jurisdiction is determined based upon the citizenship of a party at the time the case is filed."[34] It requires each plaintiff's citizenship to be diverse from each defendant's citizenship, i.e., "complete diversity," and the amount in controversy must exceed $75,000.[35] Because "clear, distinct, and precise affirmative jurisdictional allegations" are required at the pleading stage,[36] parties' citizenship must be "affirmatively and distinctly alleged and cannot be established argumentatively or by mere inference."[37]

For natural persons, "citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home."[38] Thus, a party's domicile is not determined solely by the party's residence.[39] For that reason, "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"[40] At the pleading stage, when there is some, but inconclusive, allegations that jurisdiction exists, the district court may allow the party invoking jurisdiction leave to amend defective jurisdictional allegations.[41]

---

[33] *Gunn*, 568 U.S. at 257. A small class of state law causes of action support federal question jurisdiction when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.; *accord. Perez ex rel. Est. of Lozano v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022).
[34] *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986).
[35] 28 U.S.C. § 1332(a), (b); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).
[36] *MidCap Media Fin.*, 929 F.3d at 313 (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)); *see Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (noting the manner and degree of evidence required to establish citizenship at different stages of the litigation and clarifying "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship [of the parties]").
[37] *Getty Oil Corp.*, 841 F.2d at 1259 (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).
[38] *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). "A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)).
[39] *See MidCap Media Fin.*, 929 F.3d at 313 ("The difference between *citizenship* and *residency* is a frequent source of confusion.").
[40] *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).
[41] *See id.* at 315 (citation modified) ("What should we do if there is *some* evidence that jurisdiction exists, but it's not conclusive? It depends. Where jurisdiction is not clear from the record, but there is some reason to believe that

### 3. Supplemental Jurisdiction

When the court has jurisdiction over a cause of action, 28 U.S.C. § 1367 authorizes the court to exercise supplemental jurisdiction over other claims that do not independently fall within its jurisdiction, but that form part of the same "case or controversy."[42] The supplemental claims must be "so related" to the claims over which the court has original jurisdiction, i.e., both claims must "derive from a common nucleus of operative fact."[43] The court may, however, decline to exercise supplemental jurisdiction over a claim if, among other things, "the district court has dismissed all claims over which it has original jurisdiction."[44]

The court has "wide discretion" to refuse or retain supplemental jurisdiction over a pendent state law claim.[45] In the determination, the court should consider the statutory factors enumerated in § 1367(c) as well as the common law factors of "judicial economy, convenience, fairness, and comity."[46] Generally, however, the court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.[47]

## E. <u>Required Elements of a § 1983 Claim</u>

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or

---

jurisdiction exists, the [appellate court] may remand the case to the district court for amendment of the allegations and for the records to be supplemented.'"). The district court may also take "judicial notice of jurisdictional facts 'not subject to reasonable dispute.'" *MidCap Media Fin.*, 929 F.3d at 315 (citation modified).

[42] *Jinks v. Richland Cnty.*, 538 U.S. 456, 458 (2003) (quoting 28 U.S.C. § 1367(a)).

[43] *S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373 (5th Cir. 2020) (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).).

[44] 28 U.S.C. § 1367(c)(3).

[45] *Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

[46] *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011).

[47] *Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016).

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[48]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[49]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

> (1) deprivation of a right secured by the U.S. Constitution or federal law;
> (2) that occurred under color of state law, and
> (3) was caused by a state actor.[50]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[51]

A plaintiff asserting a § 1983 claim must identify both the constitutional violation and the responsible person acting under color of state law.[52] Plaintiff thus must identify the person who deprived her of a federal right while acting under color of law.[53] "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[54] Thus, generally "neither a private company nor a private individual are considered to act under color of law and are not state actors to be held liable under § 1983."[55]

---

[48] 42 U.S.C. § 1983.
[49] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[50] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).
[51] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation modified).
[52] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978).
[53] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).
[54] *Richard v. Houma Police Dep't*, No. 19-12892, 2020 WL 686165, at *2 (E.D. La. Jan. 23, 2020) (citation modified), *R.&R. adopted*, 2020 WL 638890 (Feb. 11, 2020).
[55] *Id.* at *2. The exception to this limitation is that a non-state actor may be considered to have acted under color of law if the person/company "was a 'willful participant in joint activity with the State or its agents.'" *Priester*, 354 F.3d at 420 (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). To fall within this exception a "plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.*

**F. Availability of Amendment**

The court should freely grant leave to amend a pleading when justice so requires.[56] Unless it is clear that the plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[57] When conducting a frivolousness review, the court may offer a *pro se* litigant an opportunity to amend his complaint before it is dismissed if the court finds that she has not had the opportunity to state her "best case."[58] It is not necessary, however, to afford a plaintiff an opportunity to amend when any such amendment would be futile.[59]

## III. ANALYSIS

**A. Plaintiff's *In Forma Pauperis* Application**

After reviewing Plaintiff's application, the Court finds that that Plaintiff cannot proceed to prosecute this matter without experiencing undue financial hardship. *See* ECF No. 2. Although Plaintiff does not provide full information, she reports monthly income of $1,759 from pension and disability, with no money in cash or any bank account, and a 1998 vehicle that she reports as stolen. ECF No. 2 ¶¶ 2-5. Likewise, Plaintiff fails to identify any monthly expenses, but she reports three dependent children and outstanding medical bills. *Id.* ¶¶ 6-8. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915, and her Complaint will be filed without pre-payment of fees or costs.

This *in forma pauperis* status is granted subject to a later determination that the action

---

[56] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").
[57] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020)
[58] *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).
[59] *See, e.g.*, *Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has already alleged his best case and any further amendment would not state a valid § 1983 claim).

should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[60]

Summons will not be issued at this time, however, pending completion of this Court's statutorily-mandated frivolous review.

**B. Section 1915 Screening**

**1. The Complaint Does Not Establish Subject Matter Jurisdiction**

A § 1983 plaintiff must show state action.[61] "Mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach."[62] Section 1983 claims are properly seen as "frivolous or insubstantial" when a plaintiff sues a private actor and does not otherwise allege that the private actor acted under color of state law.[63] Thus, while § 1983 is a federal statute that may provide federal subject matter jurisdiction,[64] when a claim is patently without merit, dismissal for lack of subject matter jurisdiction is proper.[65]

Plaintiff's Complaint names one defendant, who appears to be a private person. Plaintiff does not set forth any allegations to suggest that the defendant is an official who qualifies as a state

---

[60] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).
[61] *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 443 (5th Cir. 2025).
[62] *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (citation modified).
[63] *Farooq v. Cody Cofoer & James Luster L. Firm*, No. 24-10933, 2025 WL 602161, at *1 (5th Cir. Feb. 25, 2025) (affirming dismissal of lawsuit without prejudice for lack of subject matter jurisdiction); *see also Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) ("[A]lthough Mitchell argues that Clinkscales is liable under [§ 1983], Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question."); *Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014) (finding no federal jurisdiction under § 1983 for claims against non-state actors for constitutional violations); *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) (determining § 1983 was inapplicable to defendant who was not a state actor, such that the court lacked subject matter jurisdiction over the claim against him); *Encalade v. Thomas*, No. 09-2999, 2009 WL 1704461, at *8–9 (E.D. La. June 12, 2009) (Englehardt, J. order adopting R.&R. dismissing § 1983 claims against private actors for lack of subject matter jurisdiction).
[64] *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).
[65] *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010); *see also Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A 1981) (same).

actor nor does she include any allegations to establish that such individual conspired with or acted in concert with a state actor.[66] In the absence of federal question jurisdiction, the court cannot exercise supplemental jurisdiction.

Likewise, Plaintiff does not sufficiently establish the existence of diversity jurisdiction. Plaintiff did not check the box for diversity of citizenship as a basis for federal court jurisdiction. ECF No. 1, ¶ II. She did, however, proceed to fill out the section for diversity of citizenship in the form below. Construing the Plaintiff's Complaint broadly, the undersigned proceeds to the diversity analysis.

Plaintiff alleges she is a citizen of the State of Louisiana. For the section on "defendant," Plaintiff filled in her own name. The citizenship for the "defendant" is listed as both a citizen of Louisiana and a citizen of the United Kingdom. It is not clear which citizenship is correct. Nor is it clear whether those assertions of citizenship refer to the Plaintiff herself or the defendant. Diversity of citizenship, therefore, is not properly alleged. Further, although a plaintiff need not provide evidence to support the asserted amount in controversy,[67] the complaint must contain sufficient pleadings to demonstrate a good faith basis to conclude that the allegations exceed the jurisdictional minimum.[68] Plaintiff's barebone, deficient pleading asserting in conclusory fashion that she seeks $300 million in damages is insufficient to meet her burden.

**2. <u>Plaintiff's Factual Allegations Fail to State A Claim</u>**

Even if subject matter jurisdiction were established, under the broadest reading to be afforded *pro se* complaints,[69] Plaintiff's Complaint is so factually deficient, it fails to state a claim.

---

[66] *Priester*, 354 F.3d at 420.
[67] *Cf. Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014)
[68] *Lettieri v. Securus Techs*., No. 24-270, 2024 WL 2131486, at *2 (N.D. Tex. May 13, 2024), *R.&R. adopted*, 2024 WL 2131486 (May 13, 2024).
[69] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff fails to provide any information in response to Section III(E) of the form complaint, which asks Plaintiff to identify the facts to support her case. Indeed, Plaintiff essentially sets forth no facts to support her claim, as required by Rule 8. As such, the Complaint is subject to dismissal under § 1915(e)(2) for failure to state a claim.

## IV. CONCLUSION

Plaintiff has sufficiently established her inability to pay fees under 28 U.S.C. § 1915(a)(1). On its face, however, Plaintiff's Complaint appears to be subject to summary dismissal under § 1915(e)(2). To the extent Plaintiff is able to amend her Complaint to include sufficient facts to state a claim, she now has the opportunity to do so and respond to this Show Cause Order. Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's *Ex Parte* Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

**IT IS FURTHER ORDERED** that, for the reasons set forth above, on or before **Wednesday, October 14, 2026**, Plaintiff Sheneitha Webb II **show cause** why her Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

**IT IS FURTHER ORDERED** that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of her position, setting forth the specific facts supporting her cause(s) of action against the defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HER COMPLAINT.**

**IT IS FURTHER ORDERED** that there will be no oral hearing, and the matter will be deemed under advisement on the briefs on **Wednesday, October 14, 2026**.

New Orleans, Louisiana, this 15th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE